The Hon. Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

LEON HENDERSON,

Defendant.

NO. CR23-140-JNW

**PRELIMINARY ORDER OF FORFEITURE**

THIS MATTER comes before the Court on the United States' Motion for Preliminary Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant Leon Henderson's interest in a Heckler & Koch 9mm pistol, bearing serial number 85958, and any associated ammunition, that were seized from him on or about May 5, 2023 (the "Subject Firearm").

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate for the following reasons:

- In the Indictment and the Superseding Indictment, the United States provided notice of its intent to pursue forfeiture, pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), of any firearms and ammunition involved in Defendant's commission of *Possession of a*

Motion for Preliminary Order of Forfeiture - 1
*United States v. Leon Henderson,* CR23-140-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Firearm in Furtherance of a Drug Trafficking Crime*, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 5), including but not limited to the Subject Firearm (Dkt. Nos. 1, 17);

- For the government to criminally forfeit property, there must be a predicate criminal conviction, a statute authorizing forfeiture for the crime of conviction, and evidence to support the statutorily required nexus between the property and the crime of conviction, *see, e.g., United States v. Garcia-Guizar*, 160 F.3d 511, 518-20 (9th Cir. 1998); *see* Fed. R. Crim. P. 32.2(b)(1)(A) (where the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and offense);

- The government must establish the forfeitability of the relevant property by a preponderance of the evidence, *see Garcia-Guizar*, 160 F.3d at 517-18 (citing *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989));

- The jury found Defendant guilty, beyond a reasonable doubt, of *Possession of a Firearm in Furtherance of a Drug Trafficking Crime* (Count 5), and the firearm that Defendant was convicted of knowingly possessing was the Subject Firearm (*see* Dkt. Nos. 114, 119, 121); and

- The jury's findings on Count 5 necessarily establishes the forfeiture nexus for Count 5, that is, that the Subject Firearm was "involved in" Defendant's commission of the offense charged in Count 5.

//

//

Motion for Preliminary Order of Forfeiture - 2
*United States v. Leon Henderson,* CR23-140-JNW

NOW, THEREFORE, THE COURT ORDERS:

1.      Pursuant to 18 U.S.C. § 924(d)(1), by way of 28 U.S.C. § 2461(c), and the jury's verdict, Defendant's interest in the Subject Firearm is fully and finally forfeited, in its entirety, to the United States

2.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3.      The United States Federal Bureau of Investigation, and/or its authorized agents or representatives shall maintain the Subject Firearm in its custody and control until further order of this Court;

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the Subject Firearm as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in the Subject Firearm, the United States shall, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the Subject Firearm must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a.      shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Firearm;

    b.      shall be signed by the petitioner under penalty of perjury; and,

    c.      shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Firearm, as well as any facts supporting the petitioner's claim and the specific relief sought.

Motion for Preliminary Order of Forfeiture - 3
*United States v. Leon Henderson,* CR23-140-JNW

5.      If no third-party petition is filed within the allowable time period, the United States shall have clear title to the Subject Firearm, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6.      If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accordance with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7.      The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this   11th   day of March            , 2026.

_____
THE HON. JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE

Motion for Preliminary Order of Forfeiture - 4
*United States v. Leon Henderson,* CR23-140-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Presented by


 s/ Karyn S. Johnson
KARYN S. JOHNSON
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
Phone: (206) 553-2462
Fax: (206) 553-6934
Karyn.S.Johnson@usdoj.gov

Motion for Preliminary Order of Forfeiture - 5
*United States v. Leon Henderson,* CR23-140-JNW